UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CIVIL ACTION NO. 3:16-cv-30088

_____
COLLEEN HAMEL,                              )
       Plaintiff,                           )
                                            )
v.                                          ) COMPLAINT AND
                                            ) JURY DEMAND
RIVERSIDE PARK ENTERPRISES, INC.            )
d/b/a SIX FLAGS NEW ENGLAND, and            )
STUART AMUSEMENT COMPANY,                   )
       Defendants.                          )
_____)

## PARTIES

1. The plaintiff, Colleen Hamel, is an individual who resides in Nashua, Hillsborough County, New Hampshire.

2. The defendant, Riverside Park Enterprises, Inc., d/b/a Six Flags New England (hereinafter "Six Flags NE"), is a corporation organized and existing under the laws of the Commonwealth of Massachusetts with a principal place of business located at 1623 Main Street, Agawam, Hampden County, Massachusetts.

3. The defendant, Stuart Amusement Company (hereinafter "Stuart") is a corporation organized and existing under the laws of the Commonwealth of Massachusetts with a principal place of business located at 1623 Main Street, Agawam, Hampden County, Massachusetts.

4. At all relevant times the defendants owned and operated an amusement park named Six Flags New England located at 1623 Main Street, Agawam, Hampden County, Massachusetts (hereinafter "the Park").

## JURISDICTION AND VENUE

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332 as there is diversity of citizenship between the parties and the amount in controversy exceeds seventy five thousand dollars. Venue is proper as Six Flags, Six Flags NE, and Stuart own property and/or have a principal place of business in Hampden County. In addition, venue is proper as the defendants regularly conduct, transact, and/or solicit business

as well as derive substantial revenue from good used or consumed or services rendered in Hampden County. Furthermore, the defendants caused tortious injury to the plaintiff in Hampden County.

## FACTS COMMON TO ALL COUNTS

6. On or about July 3, 2015 the plaintiff was lawfully on the premises of the Park as a paying patron.

7. At the same time, an agent and employee of the defendants, as yet unidentified, was walking along a walkway pulling a 2 wheeled dolly.

8. As the defendants' employee pulled the dolly, he failed to keep a proper lookout, failed to use reasonable care for the safety of the park patrons, and failed to steer a path around the plaintiff.

9. The employee of the defendants pulled the dolly over the plaintiff's left foot.

10. The dolly also struck the plaintiff's left calf.

11. As a direct and proximate result of being negligently struck by the dolly, the plaintiff suffered severe and ongoing personal injuries and has incurred medical expenses in excess of thirty thousand ($30,000.00) dollars.

## COUNT ONE
Negligence v. Riverside Park Enterprises, Inc., d/b/a Six Flags New England

12. The plaintiff repeats and realleges paragraphs one through eleven above as if fully stated herein.

13. The defendant, Six Flags NE, has a duty to properly operate the Park as to keep all patrons safe from harm.

14. The defendant, Six Flags NE, has a duty to properly train all employees as to keep all patrons safe from harm.

15. The defendant breached said duties on or about July 3, 2015 when an employee acting in the negligent manner described above caused injuries to the plaintiff.

16. As a direct and proximate result of the defendant's negligence the plaintiff has been caused to suffer severe and ongoing physical injuries.

WHEREFORE the plaintiff, Colleen Hamel, demands judgment against the defendant, Riverside Park Enterprises, Inc., d/b/a Six Flags New England, jointly and severally with all other defendants herein in an amount to be determined by a jury plus costs and interest as allowed by law.

COUNT TWO
Negligence v. Stuart Amusement Company

17. The plaintiff repeats and realleges paragraphs one through sixteen above as if fully stated herein.

18. The defendant, Stuart, has a duty to properly operate the Park as to keep all patrons safe from harm.

19. The defendant, Stuart, has a duty to properly train all employees as to keep all patrons safe from harm.

20. The defendant breached said duties on or about July 3, 2015 when an employee acting in the negligent manner described above caused injuries to the plaintiff.

21. As a direct and proximate result of the defendant's negligence the plaintiff has been caused to suffer severe and ongoing physical injuries.

WHEREFORE the plaintiff, Colleen Hamel, demands judgment against the defendant, Stuart Amusement Company, jointly and severally with all other defendants herein in an amount to be determined by a jury plus costs and interest as allowed by law.

THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS

Respectfully Submitted,
The Plaintiff, by her attorney,

 /s/ Michael J. Heineman
Michael J. Heineman, Esq.
Heinlein Beeler Mingace & Heineman, P.C.
276 Union Avenue
Framingham, MA 01702
(508)-626-8500
BBO# 556841
MHeineman@HBMHlaw.com